IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NORMAN TAYLOR, as Administrator of the Estate of OLLIE TAYLOR, JR., Deceased,<br><br>               Plaintiff,<br><br>  v.<br><br>GGNSC PHILADELPHIA, LP d/b/a GOLDEN LIVING CENTER – STENTON, GGNSC PHILADELPHIA GP, LLC, GGNSC HOLDINGS, LLC, GOLDEN GATE NATIONAL SENIOR CARE, LLC, GGNSC EQUITY HOLDINGS, LLC, GGNSC ADMINISTRATIVE SERVICES, LLC, and GGNSC CLINICAL SERVICES, LLC,<br><br>               Defendants. | CIVIL ACTION<br><br>NO.<br><br>REMOVED FROM THE COURT OF COMMON PLEAS OF PENNSYLVANIA, PHILADELPHIA COUNTY, AUGUST TERM 2014, NO. 01329 |

## NOTICE OF REMOVAL

Defendants[1] hereby submit this notice of removal pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. As grounds for removal, Defendants state as follows:

1. On November 14, 2014, Plaintiff[2] filed a Complaint in the above-captioned matter, No. 14-0801329, in the Court of Common Pleas of Philadelphia County ("the State Court Action"). Plaintiff served Defendants with the Complaint

---

[1] Defendants are GGNSC Philadelphia, LP d/b/a Golden Living Center – Stenton, GGNSC Philadelphia GP, LLC, GGNSC Holdings, LLC, Golden Gate National Senior Care, LLC, GGNSC Equity Holdings, LLC, GGNSC Administrative Services, LLC, and GGNSC Clinical Services, LLC (collectively, "Defendants").

[2] Plaintiff is Norman Taylor, as Administrator of the Estate of Ollie Taylor, Jr., Deceased.

and related case initiation documents in the State Court Action on November 18, 2014. Pursuant to 28 U.S.C. § 1446(a), copies of the relevant process, pleadings, and orders served upon Defendants are attached hereto as Exhibit "A".

2. On December 2, 2014, Plaintiff filed an Amended Complaint, which was served on Defendants on December 5, 2014. The Amended Complaint is attached hereto as Exhibit "B".

3. This notice of removal is timely pursuant to 28 U.S.C. § 1446(b), as it is being filed within thirty (30) days after Defendants were served with Plaintiff's Amended Complaint.

4. This is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a) in that there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

## Diversity Jurisdiction

5. Plaintiff Norman Taylor, as Administrator of the Estate of Ollie Taylor, Jr., Deceased, resides at 6630 Milton Street, Philadelphia, PA 19138 and is a Pennsylvania citizen. See Exhibit "B" at ¶ 2.

6. Defendants are citizens of Delaware and California. In particular:

a. GGNSC Philadelphia, LP d/b/a Golden Living Center – Stenton is a limited partnership.[3] Its sole general partner is GGNSC Philadelphia GP, LLC; please see paragraph 6(b) herein. Its sole limited partner is GGNSC Equity Holdings LLC; please see paragraph 6(e) herein. Therefore, Defendant GGNSC Philadelphia, LP d/b/a Golden Living Center – Stenton is a citizen of Delaware and California.

b. GGNSC Philadelphia GP, LLC is a Delaware limited liability company. Its sole member is GGNSC Equity Holdings, LLC; please see paragraph 6(e) below. Therefore, GGNSC Philadelphia GP, LLC is a citizen of Delaware and California.

c. GGNSC Holdings, LLC is a Delaware limited liability company. Its sole member is Drumm Corp.; please see paragraph 6(h) herein. Therefore, GGNSC Holdings, LLC is a citizen of Delaware and California.

---

[3] In determining citizenship of a limited partnership, the court must look to the citizenship of the partners, including each of the limited partners. *Carlsberg Resources Corp. v. Cambria Savings and Loan Assoc.,* 554 F.2d 1254 (3d Cir. 1977). The rationale is that a limited partnership is an unincorporated association and its citizenship is deemed to be that of the members composing the association. *Trent Realty Assoc. v. First Federal Savings & Loan Assoc.,* 657 F.2d 29, 32 (3d Cir. 1981) (citation omitted).

d. Golden Gate National Senior Care LLC is a Delaware limited liability company. Its sole member is GGNSC Holdings, LLC; please see paragraph 6(c) herein. Therefore, Golden Gate National Senior Care LLC is a citizen of Delaware and California.

e. GGNSC Equity Holdings LLC is a Delaware limited liability company. Its sole member is Golden Gate National Senior Care LLC; please see paragraph 6(d) herein. Therefore, GGNSC Equity Holdings LLC is a citizen of Delaware and California.

f. GGNSC Administrative Services, LLC, is a Delaware limited liability company. Its sole member is GGNSC Holdings, LLC; please see paragraph 6(c) herein. Therefore, GGNSC Administrative Services, LLC is a citizen of Delaware and California.

g. GGNSC Clinical Services, LLC is a Delaware limited liability company. Its sole member is Golden Gate National Senior Care, LLC; please see paragraph 6(d) above. Therefore, GGNSC Clinical Services, LLC is a citizen of Delaware and California.

      h.     Drumm Corp. is a Delaware corporation with its principal place of business and nerve center in San Francisco, California. Therefore, Drumm Corp. is a citizen of Delaware and California.

7.    Accordingly, there is diversity of citizenship between the parties. 28 U.S.C. § 1332(a)(1).

8.    The amount in controversy is generally decided from the complaint itself, and the court may rely on its own judgment as to the reasonable value of the rights being litigated. *Angus v. Shiley, Inc.*, 989 F.2d 142, 146 (3d Cir. 1993) (amount in controversy is measured by a reasonable reading of the value of the rights being litigated) (citations omitted); *Corwin Jeep Sales Services, Inc. v. Am Motors Sales Corp.*, 670 F.Supp. 591, 596 (M.D.Pa. 1986) (when complaint does not contain demand for specific monetary amount, court may look to petition for removal to make independent appraisal of the value of the claim).

9.    In the Amended Complaint, Plaintiff alleges that as a result of Defendants' conduct, Ollie Taylor, Jr. suffered numerous serious and permanent injuries. *See* Exhibit "B" at ¶¶ 50-104.

10.    Plaintiff also demands punitive damages in the Amended Complaint. *See id.* at ¶ 162 and all claims for relief.

11. Thus, while Defendants deny any liability to Plaintiff, a reasonable reading of the Amended Complaint establishes that Plaintiff seeks damages which exceed this Court's jurisdictional minimum of $75,000.00.

12. Defendants reserve the right to amend or supplement this notice of removal.

13. Venue is proper in this district under 28 U.S.C. §§ 1391(b)(2) and 1441(a).

14. Defendants are providing notice of filing this notice of removal to Plaintiff commensurate with this filing, and they will also file a notice of filing notice of removal with the Court of Common Pleas of Philadelphia County, Pennsylvania promptly following the filing of the notice of removal with this Court as required by 28 U.S.C. § 1446(d).

WHEREFORE, Defendants hereby remove this action from the Court of Common Pleas of Philadelphia County, Pennsylvania, to the United States District Court for the Eastern District of Pennsylvania.

Respectfully Submitted,

Jacqueline M. Carolan, Esquire
Eric E. Reed, Esquire
Scott C. Oberlander, Esquire
Fox Rothschild LLP
2000 Market Street, 20th Floor

                Philadelphia, PA 19103-3291

                *Attorneys for Defendants*

Dated:  December 16, 2014

## **CERTIFICATE OF SERVICE**

I, Scott C. Oberlander, counsel for Defendants, do hereby certify that on December 16, 2014, I caused to be served upon the below listed counsel of record, a true and correct copy of the foregoing Notice of Removal and Disclosure Statements, via First-Class Mail:

> Ian T. Norris, Esquire
> Reddick Moss, PLLC
> 2 Penn Center
> 1500 JFK Blvd., Suite 1145
> Philadelphia, PA  19102

Scott C. Oberlander, Esquire
Fox Rothschild LLP
2000 Market Street, 20th Floor
Philadelphia, PA 19103-3291

*Attorney for Defendants*